IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08-cv-185

| | |
|---|---|
| DANIEL G. SCHMIDT, III, )<br>      Plaintiff        )<br>                              )<br>      v.                )<br>                              )<br>WACHOVIA BANK, N.A. f/k/a   )<br>FIRST UNION NATIONAL BANK  )<br>      Defendant.       )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on a motion to dismiss filed by defendant Wachovia Bank. (Doc. No. 11). The magistrate judge entered a memorandum and recommendation, recommending that defendant's motion be denied. (Doc. No. 19). Defendant filed timely objections to the M&R (Doc. No. 20), plaintiff filed a reply to the objections (Doc. No. 21), and defendant filed a surreply (Doc. No. 24), which are now before this Court. For the reasons that follow, the Court **DENIES** defendant's motion to dismiss.

**I. BACKGROUND**

The parties did not make any specific objections to the findings of fact contained in the magistrate judge's M&R. After a careful review of the record in this case, the Court adopts the factual findings made by the magistrate judge on pages one through four of the M&R filed on August 18, 2008, for purposes of this order.

**II. STANDARD OF REVIEW**

A district court must make "a <u>de novo</u> determination <u>of those portions</u> of the [magistrate judge's] report or specific proposed findings or recommendations to which objection is made.'"

Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)). Accordingly, the Court has conducted a de novo review of those portions of the magistrate judge's decision specifically objected to by the defendant and has conducted a careful review of the remainder for clear error.

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999) (internal quotation marks omitted). In reviewing a Rule 12(b)(6) motion, "[t]he factual allegations in the plaintiff's complaint must be accepted as true and those facts must be construed in the light most favorable to the plaintiff." Hunt v. Sandhir, No. 08-6457, 2008 U.S. App. LEXIS 20649, at *3 (4th Cir. Sept. 29, 2008). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

## III. DISCUSSION

### A.   Plaintiff failed to allege that defendant sought a benefit.

Defendant objects to the finding in the M&R that plaintiff properly alleged all the elements of a constructive fraud claim. Specifically, defendant asserts that plaintiff failed to allege that defendant sought and received a benefit as a result of its decision to not collar, hedge or sell plaintiff's Paragon stock.[1]

---

[1] Defendant notes that collaring "is a form of hedging that protects against a precipitous loss in value of a particular stock." Defendant asserts that there are no allegations in the complaint which support a theory that "hedging" is any different from "collaring." (Doc. No. 16 at 6 n.2).

2

### 1. Applicable Law

In order to maintain a constructive fraud claim under North Carolina law, a plaintiff must allege the "facts and circumstances (1) which created the relationship of trust and confidence, and (2) [which] led up to and surrounded the consummation of the transaction in which defendant is alleged to have taken advantage of his position of trust to the hurt of plaintiff." Terry v. Terry, 273 S.E.2d 674, 677 (N.C. 1981) (internal quotation marks omitted).

The North Carolina Supreme Court has also found it "implicit" in the elements of constructive fraud that the defendant has sought to benefit himself in the transaction. Barger v. McCoy Hillard & Parks, 488 S.E.2d 215, 224 (N.C. 1997) ("Implicit in the requirement that a defendant [take] advantage of his position of trust to the hurt of plaintiff is the notion that the defendant must seek his own advantage in the transaction; that is, the defendant must seek to benefit himself." (internal quotation marks omitted)); see also State Ex Rel. Long v. Petree Stockton, L.L.P., 499 S.E.2d 790, 798 (N.C. Ct. App. 1998) ("[A]n essential element of constructive fraud is that defendants sought to benefit themselves in the transaction." (internal quotation marks omitted)). "The benefit sought by the defendant must be more than a continued relationship with the plaintiff." Sterner v. Penn, 583 S.E.2d 670, 674 (N.C. Ct. App. 2003). Moreover, "[p]ayment of a fee to a defendant for work done by that defendant does not by itself constitute sufficient evidence that the defendant sought his own advantage." Nationsbank of N.C., N.A. v. Parker, 535 S.E.2d 597, 602 (N.C. Ct. App. 2000).

"A claim of constructive fraud does not require the same rigorous adherence to elements as actual fraud," Terry, 273 S.E.2d at 677, because constructive fraud "is based on a confidential relationship rather than a specific representation." Id. at 678-79. The North Carolina Supreme

3

Court explained, "The very nature of constructive fraud defies specific and concise allegations." Id. at 679.

2. Analysis

In the complaint, plaintiff alleges: (1) that defendant was plaintiff's investment advisor; (2) that plaintiff repeatedly asked defendant to collar plaintiff's Paragon stock; (3) that defendant failed to collar plaintiff's stock; (4) that plaintiff's retention of Paragon stock kept the Paragon stock price high; (5) that defendant was a creditor of Mariner; and (6) that the high Paragon stock price encouraged the Mariner shareholders to vote in favor of the Paragon acquisition.

Plaintiff also alleges that defendant was seeking its own advantage in the transaction with plaintiff. Specifically, Plaintiff alleges that "Defendant benefitted financially from failing to collar [plaintiff's Paragon] stock," (Doc. No. 1 at 9), because defendant "had a significant pecuniary interest in having the Paragon-Mariner acquisition go forward," (Doc. No. 1 at 8). Further, plaintiff alleges that "[i]f Plaintiff's Paragon/Mariner shares had been hedged, the shares would have been sold, resulting in losses to [defendant] as opposed to the Plaintiff." (Doc. No. 1 at 11).

In viewing the complaint in a light most favorable to the plaintiff, the Court finds that plaintiff has sufficiently alleged the benefit element of its constructive fraud claim. In the complaint, plaintiff alleges that if the Paragon shares were hedged, then defendant would have suffered a financial loss. Therefore, defendant allegedly benefitted financially by not hedging the stock. Furthermore, the Court finds that plaintiff has not alleged that defendant merely maintained the status quo through a continued relationship with plaintiff or through continued commissions and fees. As the magistrate judge explained, "At a stage in the proceedings when

4

the Plaintiff's allegations must be taken as true, these allegations are sufficient." (Doc. No. 19 at 7).

**B. Magistrate judge incorrectly applied the Bell Atlantic v. Twombly standard.**

Defendant also argues that the magistrate judge erred in concluding that the complaint met the pleading standard of Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007). Defendant alleges that the complaint is not plausible on its face because of plaintiff's admission in prior lawsuits that his stock was restricted from sale.

**1. Rule 12(b)(6) and the Bell Atlantic v. Twombly plausibility standard**

In Twombly, the Supreme Court explained that the complaint "does not need detailed factual allegations," but it must contain "more than labels or conclusions" and more than a "formulaic recitation of the elements of a cause of action." 127 S. Ct. at 1964-65. Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. at 1965, so that the claim is "plausible on its face," id. at 1974. If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, [then] this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." Id. at 1966 (internal quotation marks and citations omitted).

**2. Analysis**

Applying these standards, the Court concludes that plaintiff's complaint contained the factual information necessary to state a constructive fraud claim. The Court finds that it is plausible that defendant failed to help plaintiff collar his stock so that defendant could receive a financial benefit as the creditor of Mariner. Plaintiff need not show that defendant actually benefitted from the transaction; instead, plaintiff must show that it was plausible that defendant

5

sought to benefit itself by refusing to collar the Paragon stock to help secure the Paragon/Mariner merger.

Defendant also claims that the constructive fraud claim is implausible because defendant was incapable of selling the stock due to the stock's restrictions. Plaintiff alternatively argues that defendant could have sold the stock by means of a piggy-back offering. At this stage in the litigation, the Court need not rule on the issue of whether plaintiff's stock was restricted in a way that prevented defendant from selling it. See Edwards, 178 F.3d at 243 ("The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts.").

The marketability of the Paragon stock is a factual dispute. The plaintiff alleged in his complaint that the stock was salable, and "[t]he factual allegations in the plaintiff's complaint must be accepted as true" by the Court when determining whether to grant a Rule 12(b)(6) motion. Hunt, 2008 U.S. App. LEXIS 20649, at *3. Therefore, the Court need not determine whether defendant was capable of selling the stock.

## IV. CONCLUSION

The Court finds that plaintiff sufficiently plead the elements of a constructive fraud claim in compliance with Twombly's plausibility standard. Accordingly, the Court hereby accepts the M&R and adopts it as the final decision of this Court for all purposes relating to this case.

**IT IS, THEREFORE, ORDERED THAT** Defendant's motion to dismiss is **DENIED**.

Signed: December 23, 2008

Robert J. Conrad, Jr.
Chief United States District Judge